IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | | |
|---|---|---|
| **KYRA T. WALKER,** | ) | |
| | ) | |
|       Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:06-1029 |
| | ) | |
| **DEBORAH HICKEY, Warden,** | ) | |
| **FPC Alderson, West Virginia,** | ) | |
| | ) | |
|       Respondent. | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

On December 7, 2006, Petitioner,[1] acting *pro se*, filed an Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody.[2] (Document No. 1.) Petitioner alleges that the BOP is acing improperly by "categorically limit[ing] the time within which a prisoner can be placed in a CCC to the lesser of the last ten percent of the prisoner's sentence or six months." (Id., p. 3.) Specifically, Petitioner alleges as follows:

> The statute that governs the BOP's authority to place prisoners in CCCs lists five factors that the BOP must consider when making CCC placement and transfer decisions. 18 U.S.C. § 3621(b). The regulations adopted by the BOP categorically

---

[1] On November 15, 2005, Petitioner pled guilty in the United States District Court for the District of Columbia to one count of "Receipt of a Bribe by a Public Official" in violation of 18 U.S.C. § 201(b)(2)(A). On January 30, 2006, the District Court sentenced Petitioner to a 12 month and one day term of imprisonment, to be followed by a two year term of supervised release. *United States v. Walker*, Case No.1:05-cr-00289 (D.C. Jan. 30, 2006). Petitioner appealed her sentence. The Court of Appeals for the District of Columbia Circuit dismissed Petitioner's appeal on June 26, 2006. *United States v. Walker*, 2006 WL 1824961 (D.C. 2006). The Bureau of Prisons' Inmate Locator indicates that Petitioner was released from custody on June 21, 2007.

[2] Because Petitioner is acting *pro se*, the documents which she has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

>limit the time within which a prisoner can be placed in a CCC to the lesser of the last ten percent of the prisoner's sentence or six months. 28 C.F.R. § 570.20. These regulations do not provide for the BOP to consider the § 3621 factors and, therefore, violate the BOP's ruling making and statutory authority.

(Id.) Petitioner states that even though the Second, Third, and Eighth Circuits have "held that these rules are invalid, the BOP continues to enforce the rules in the remaining circuits, including this circuit."[3] (Id.) Citing Woodall v. Bureau of Prisons, 432 F.3d 235 (3rd Cir. 2005), Petitioner argues that "[t]he regulations are invalid because the BOP may not categorically remove its ability to consider the explicit factors set forth by Congress in § 3621(b) for making placement and transfer determinations." (Id., p. 6.) Petitioner further alleges that "[t]he statutory provisions also obligate the BOP to prepare prisoners to re-enter the community by placing them in CCCs." (Id., p. 4.)

---

[3] Petitioner challenges the BOP's decision respecting her release to community correction facilities citing *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 244 (3rd Cir. 2005), *Levine v. Apker*, 455 F.3d 71, 85 - 87 (2nd Cir. 2006), and *Fults v. Sanders*, 442 F.3d 1088, 1092 (8th Cir. 2006). At issue basically in these cases was whether the Bureau of Prisons' policy adopted on February 14, 2005, of categorically limiting inmates' community or halfway house confinement to the last ten percent of their sentences not to exceed six months, *see* 28 C.F.R. § 570.20, was valid when 18 U.S.C. § 3621(b) requires that the Bureau of Prisons make community confinement decisions on the basis of specified factors including "the nature and circumstances of the offense" and "the history and characteristics of the prisoner." These Courts concluded that the February 14, 2005, policy was invalid because it did not take into account the Section 3621(b) factors. The undersigned notes that the Courts of Appeals are split on the issue. The Courts in *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 244 (3rd Cir. 2005); *Wedelstedt v. Wiley*, 477 F.3d 1160 (10th Cir. 2007); *Levine v. Apker*, 455 F.3d 71, 85 - 87 (2nd Cir. 2006); *Fults v. Sanders*, 442 F.3d 1088, 1092 (8th Cir. 2006); *Rodriguez v. Smith*, 541 F.3d 1180, 1184 - 1189 (9th Cir. 2008) found the policy invalid. One Court of Appeals disagreed. *Munoz v. Sabol*, 517 F.3d 29, 38 (1st Cir. 2008). District Courts in this Circuit concluded that the 2005 policy was invalid. *Jaworski v. Gutierrez*, 509 F.Supp.2d 573, 585 (N.D.W.Va. 2007); *Williams v. Pettiford*, 518 F.Supp.2d 737, 746 (D.S.C. 2007); *Syrek v. Phillips*, 2008 WL 4335494 (N.D.W.Va). Because the majority of the Courts which considered the issue concluded that the BOP's 2005 policy was invalid, the undersigned has found that the appropriate course when an inmate challenged the BOP's plan for releasing her to a CCC under the 2005 policy was to require the BOP to respond and demonstrate that in development of the release plan, it considered the factors set forth in Section 3621(b) as in *Syrek v. Phillips*, 2008 WL 4335494 (N.D.W.Va). It appears that the BOP is now required to consider those factors under the Second Chance Act of 2007.

Therefore, Petitioner requests that the Court "direct Debra Hickey, the Warden of Federal Prison Camp Alderson, and the Federal Bureau of Prisons to consider transferring her to a Community Confinement Center consistent with factors set forth in 18 U.S.C. § 3621(b) and notwithstanding the provisions of 28 C.F.R. § 570.20, 570.21, which limit such transfers to the lesser of the last six months or the last ten percent of prisoner's sentence." (Id., p. 1.)

## ANALYSIS

The undersigned finds that Petitioner's Section 2241 Application must be dismissed as moot. Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. In the context of a *habeas corpus* proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). In this case, by virtue of Petitioner's release from custody, the Respondent can no longer provide the requested relief. Consequently, the Court can no longer consider Petitioner's Application under Section 2241.

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole - - some "collateral consequence" of the conviction – must exist if the suit is to be maintained.

Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). Accordingly, Petitioner's claims are rendered moot by virtue of her release from custody and the absence of collateral consequences, and therefore, her Section 2241 Application must be dismissed.[4] See e.g., Alston v. Adams, 178 Fed.Appx. 295, 2006 WL 1194751 (C.A.4 (Va.)); Alvarez v. Conley, 145 Fed.Appx. 428, 2005 WL 2500659 (C.A.4 (W.Va.); Smithhart v. Gutierrez, 2007 WL 2897942 (N.D.W.Va.).

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Application under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody (Document No. 1.) and **REMOVE** this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection

---

[4] Furthermore, Petitioner acknowledges that she failed to exhaust her administrative remedies. (Document No. 1, p. 3.) Specifically, Petitioner argues that "exhaustion of administrative remedies here would be futile and should not be required."

is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

Date: December 18, 2009.

R. Clarke VanDervort
United States Magistrate Judge